```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CEFERINO ANORA, JR.,                                             :
                                                                 :
                              Plaintiff,                         :
                                                                 :    19-cv-11732 (LJL)
             -v-                                                 :
                                                                 :    ORDER
OASIA PROFESSIONAL MANAGEMENT GROUP,                             :
LTD., MARISSA BECK, and RAMON AVENA,                             :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

     Plaintiff Ceferino Anora, Jr. ("Anora") filed this action against Defendants Oasis Professional Management Group, Ltd. ("Oasis"), Marissa Beck ("Beck"), and Ramon Avena ("Avena") claiming that they engaged in forced labor and human trafficking under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1589, 1590. Avena has moved to dismiss the complaint against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 17. By Report and Recommendation dated March 19, 2021, Magistrate Judge Fox recommended that the Court grant Avena's motion and dismiss him from the case. Dkt. No. 36. Anora objected on April 2, 2021. Dkt. No. 37. Avena responded on April 16, 2021, Dkt. No. 38, and Anora replied on April 23, 2021, Dkt. No. 40. For the following reasons, the Court adopts Magistrate Judge Fox's Report and Recommendation.

     The allegations of the complaint are summarized in full in the Report and Recommendation and are assumed as true for purposes of this motion. In short, Anora alleges that Oasis and Beck offered him a job as a physical therapist and to sponsor him for immigration under the EB-2 immigrant-worker category. Dkt. No. 35 ¶¶ 32-33. Avena, who was engaged by Beck and Oasis as an immigration lawyer, prepared Anora's application, but the application was denied due to deficiencies in the notice of filing submitted by Avena. *Id.* ¶¶ 23, 61-62. Oasis and Beck incorrectly advised Anora that he could continue to work for them lawfully while Avena filed a new application. *Id.* ¶ 106. The second application was accepted in part and denied in part, but Beck and Avena nonetheless incorrectly advised Anora that he could continue to work for Oasis lawfully. *Id.* Anora complained that Avena should have known that the second application would not allow him to work in the United States. *Id.* ¶ 109. Subsequently, he quit his position. *Id.* ¶ 145. Anora claims that Avena deliberately misled him about the legal effect of filing the second application in order to obtain his services for Oasis at below market rates.

     In order to state a claim under 18 U.S.C. § 1589(a)(3), Anora would have to plead that

Avena "knowingly obtain[ed his] labor or services . . . by means of the abuse or threatened abuse of law or legal process." 18 U.S.C. § 1589(a)(3). Anora has not adequately pleaded that Avena abused or threatened to abuse legal process. Anora does not allege that Avena ever threatened him. He alleges only that Avena encouraged him to file a second immigration application and advised him—incorrectly—that filing the second application would permit him to work lawfully and that it was likely to be accepted. Anora alleges that Anora did so "in order to exert pressure on [Anora] to continue working for Defendants Oasis and Beck." Dkt. No. 35 ¶ 77. But this is a legal conclusion couched as a factual allegation. Anora provides no details regarding how Avena "pressured" him beyond the bare allegation that he gave him incorrect legal advice regarding the effect of the second application. He alleges nothing that would rise to the level of a threat or coercion. Tellingly, he does not describe any conversation in which Avena encouraged him to continue working for Oasis and Beck. The allegations of the complaint amount at most to legal malpractice; they do not rise to the level of "exert[ing] pressure" required by Section 1589(a)(3).

In order to state a claim under 18 U.S.C. § 1589(a)(4), Anora would have to allege that Avena "knowingly . . . obtain[ed his] labor or services . . . by means of any scheme, plan, or pattern intended to cause [him] to believe that, if [he] did not perform such labor or services, [he] or another person would suffer serious harm." 18 U.S.C. § 1589(a)(4). While deportation qualifies as a "serious harm" for purposes of Section 1589(a), *see Adia v. Grandeur Mgmt., Inc.*, 933 F.3d 89, 93-94 (2d Cir. 2019), Anora has not alleged that Avena intended to make him believe that he would be deported if he stopped working for Oasis. He has merely alleged that Avena told him that he would be deported once his visa expired. That is advice that any lawyer might provide without being part of a scheme to obtain labor or services unlawfully. Although Anora alleges that one of Oasis's employees threatened that he would not respond to a request from USCIS for additional information if Anora did not continue to work, Avena is not alleged to have had any connection to this threat.

In order to state a claim under 18 U.S.C. § 1589(b), Anora would have to allege that Avena "knowingly benefit[ed], financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means." 18 U.S.C. § 1589(b). Anora has not done so. He has not alleged that Avena received any benefits other than routine payment for legal services. Nor has he alleged that Avena knew or should have known that Anora was being underpaid or that Avena knew or had any reason to know about Oasis's alleged threat not to respond to USCIS's request for evidence until eight months after the threats were allegedly made. As Magistrate Judge Fox observed in his opinion, a lawyer's receipt of legal fees for services provided to a client who is engaged in TVPA violations is not sufficient to state a claim under Section 1589(a). Dkt. No. 36 at 14; *see also Geiss v. Weinstein Co. Holding LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019)).

The Report and Recommendation of Magistrate Judge Fox is adopted in the full. The claims against Avena are dismissed. The Clerk of Court is respectfully directed to close Dkt. Nos. 17 and 39.

SO ORDERED.

Dated: August 31, 2021
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3